Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Dina G. Aouad - 036249
daouad@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Hasenkamp, individually, and on behalf of his daughter, A.H., a minor, | No. |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| vs. | |
| The Shah Trust; 21,000 Holdings, LLC dba RE/MAX Fine Properties, an Arizona limited liability company; Edward Gunkel, an individual, | |
| Defendants | |

Plaintiff Michael Hasenkamp, individually and on behalf of his minor daughter, A.H., for their Complaint against Defendants allege as follows:

**PARTIES**

1.     Plaintiff Michael Hasenkamp ("Mr. Hasenkamp") is a resident of Maricopa County, Arizona.  Mr. Hasenkamp brings this action on his own behalf and on behalf of his minor daughter, A.H., who has a disability within the meaning of § 802(h) of the Fair Housing Act, 42 U. S.C. § 3602(h).

2.     Plaintiff A.H., a minor, is the daughter of Mr. Hasenkamp and is also a resident of Maricopa County, Arizona.

3.     Upon information and belief, Defendant Shah Trust is a living trust established by settlors who are residents of Arizona. The Shah Trust owns a

8010370v1(70895.1)

residential home located at 5855 E. Marconi Ave., Scottsdale, Arizona 85254 (the "Property"). The Shah Trust shall hereinafter be referred as the "Landlord."

4.      Defendant 21,000 Holdings, LLC dba RE/MAX Fine Properties, is an Arizona limited liability company doing business through its agents in Maricopa County, Arizona.

5.      Upon information and belief Defendant Edward Gunkel is an agent of 21,000 Holdings, LLC dba RE/MAX Fine Properties and operates his residential property management business under the trade name, The Gunkel Team, which is based in Scottsdale, Arizona.

6.      All of the actions alleged herein by Mr. Gunkel as his role of property manager of the Property were taken as agent for and on behalf of Defendants 21,000 Holdings, LLC, and Landlord. Defendants Mr. Gunkel and 21,000 Holdings, LLC shall hereinafter be referred to as the "Property Manager."

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this action because it arises under 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 3613(a)(1).

8.      Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the Plaintiffs' allegations occurred within the District of Arizona, the Property is located in this District and all of the parties reside and/or do business in this District.

**FACTUAL ALLEGATIONS**

9.      On or about September 15, 2020, Mr. Hasenkamp, along with his then-wife Julie Hasenkamp (collectively, the "Hasenkamps"), submitted an application to lease the rental property located at 5855 E Marconi Ave., Scottsdale, Arizona 85254 (the "Property").

10.     In the Rental Application, the Hasenkamps disclosed that they would be bringing their two small dogs as pets.

8010370v1(70895.1)

11.   The Hasenkamps also disclosed in their Rental Application that their minor daughter, A.H., would be bringing her Assistance animal onto the property.

12.   A.H., a minor, requires the assistance animal to accommodate and alleviate the symptoms associated with her disability.

13.   The Rental Application, drafted by Defendants, provided that assistance and service animals are not considered "pets."

14.   On or about October 16, 2020, the Hasenkamps entered into a lease agreement with the Landlord to rent the Property beginning on October 16, 2020 and ending on October 31, 2021 (the "Lease").

15.   In addition to monthly payments, the Lease required the Hasenkamps to pay a refundable $2,495.00 security deposit, a refundable $300.00 pet deposit, a non-refundable $495.00 cleaning fee, and a non-refundable $100.00 pet cleaning fee.

16.   This portion of the Lease, along with several others, again specified that assistance and service animals are not considered "pets."

17.   On August 13, 2021, the Property Manager contacted the Hasenkamps to inform them that their Lease was expiring soon and inquired whether they intended to renew the Lease.

18.   On September 13, 2021, the Hasenkamps responded they intended to renew the Lease.

19.   On September 20, 2021, the Property Manager e-mailed the Hasenkamps a Lease Renewal Agreement.

20.   Shortly after, on September 22, 2021, the Property Manager e-mailed the Hasenkamps requesting an inspection of the Property, which occurred on September 29, 2021.

21.   During the inspection the Property Manager noticed the Assistance animal (a dog) and stated to the Hasenkamps that the animal was not listed on the Lease.

8010370v1(70895.1)

22.     The Hasenkamps reminded the Property Manager that the animal was an assistive animal—not a pet—and that it was disclosed from the beginning when the Hasenkamps submitted the Rental Application.

23.     The next day, September 30, 2021, the Property Manager e-mailed Mr. Hasenkamp to notify him that the Assistance animal is "a clear breach of the lease." The e-mail provides, in part, that the Hasenkamps had two options if they wanted to remain on the Property: (1) "remove the dog in the next five days," or (2) "pay a $600.00 non-refundable pet cleaning fee."

24.     The Property Manager threatened that if the Hasenkamps did not act on one of the two options within the next five days—by October 5, 2021—he would begin the eviction proceedings based on the Hasenkamps purported "breach" of the Lease.

25.     On October 5th at 4:16 p.m.—the time of this e-mail is important—Mr. Hasenkamp responded to the Property Manager's demand that he vacate the Property or pay a penalty for the assistance animal. Mr. Hasenkamp explained to the Property Manager that the ultimatum violated federal and state law and, if not retracted, would cause financial harm and irreparable loss to the Hasenkamps.

26.     Rather than retract their discriminatory ultimatum, the Defendants doubled down. They retaliated against the Hasenkamps by rescinding the Lease Renewal less than 45 minutes after Mr. Hasenkamp informed them that the Property Manager's ultimatum was a violation of his family's civil rights.

27.     On October 31, 2021, the Lease expired pursuant to its terms and the Lease transformed to a month-to-month agreement pursuant to the Lease terms.

28.     On December 2, 2021, the Hasenkamps received a notice that the Lease is being permanently terminated on January 31, 2022.

**COUNT I**
**(FAIR HOUSING ACT)**

29.     Plaintiff incorporates by reference the preceding paragraphs of this

8010370v1(70895.1)

1   Complaint.

2       30.     A.H. suffers from a handicap as defined by the Act and obtained her

3   Assistance animal in order to accommodate and alleviate the symptoms associated

4   with her disability.

5       31.     Defendants knew or reasonably should have known of A.H.'s disability

6   as the need for an assistive animal was disclosed in the Rental Application before the

7   Hasenkamps moved into the Property.

8       32.     Accommodation of the disability is necessary to afford A.H. an equal

9   opportunity to use and enjoy the Property.

10      33.     A.H.'s accommodation is reasonable.

11      34.     Defendants refused to make the requested accommodation by

12  unlawfully requiring a non-refundable $600.00 pet fee as a condition to the

13  accommodation or, in the alternative, demanding that the Hasenkamp's get rid of the

14  Assistance animal.

15      35.     When the Hasenkamps refused to pay the additional non-refundable

16  $600.00 fee and/or get rid of the Assistance animal, Defendants rescinded the Lease

17  Renewal Agreement.

18      36.     Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(1), by

19  making housing unavailable to the Hasenkamps on the basis of A.H.'s disability when

20  they refused to renew the Lease and are now moving to evict the Hasenkamp because

21  of A.H.'s Assistance animal.

22      37.     Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3), by

23  failing to modify their policies to accommodate A.H.'s Assistance animal, as such

24  accommodation would have provided A.H. an equal opportunity to enjoy the dwelling

25  as tenants without disabilities.

26      38.     Through the actions described above, Defendants have violated the Fair

27  Housing Act by refusing to make reasonable accommodations to their rules, policies,

28

8010370v1(70895.1)

practices, or services, when such accommodations were necessary to afford Mr. Hasenkamp and A.H. an equal opportunity to use and enjoy their dwelling.

39.     Through the actions described above, Defendants have violated the Fair Housing Act, 42 U.S.C. § 3604(f)(1) and (f)(3)(B), by making the subject property unavailable to Mr. Hasenkamp and A.H. by refusing to make reasonable accommodations to their rules, policies, practices or services and rescinding the Lease Renewal.

40.     As a result of Defendants' conduct, Mr. Hasenkamp and A.H. are "aggrieved" persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries, including, but not limited to, out of pocket expenses and emotional distress.

41.     Defendants' discriminatory actions were intentional, willful, and taken in disregard of Plaintiffs' rights sufficient to trigger punitive damages.

## COUNT II
### (ARIZONA FAIR HOUSING ACT)

42.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

43.     A.H. suffers from a handicap as defined by the Arizona Fair Housing Act ("AZFHA") and obtained her Assistance animal (a dog) in order to accommodate and alleviate the symptoms associated with her disability.

44.     Defendants knew or reasonably should have known of A.H.'s disability as the need for an assistive animal was disclosed in the Rental Application before the Hasenkamps moved into the Property.

45.     Accommodation of the disability is necessary to afford A.H. an equal opportunity to use and enjoy the Property.

46.     Allowing A.H. to have her Assistance animal on the Property is a reasonable accommodation.

47.     Defendants refused to make the requested accommodation by unlawfully requiring a non-refundable $600.00 pet fee as a condition to the

8010370v1(70895.1)

accommodation or, in the alternative, demanding that Plaintiffs get rid of the Assistance animal.

48.     When Plaintiffs refused to pay the additional $600.00 fee and/or get rid of the assistive animal, Defendants rescinded the Lease Renewal and shortly thereafter informed the Hasenkamps that they would be evicted from the Property.

49.     Defendants violated the Arizona Fair Housing Act, A.R.S. § 41-149.19(B)(1), by making housing unavailable to the Plaintiffs when they threatened eviction due to A.H.'s Assistance animal.

50.     Defendants violated the Arizona Fair Housing Act, A.R.S. § 41-149.19(E)(2), by failing to modify their policies upon learning that A.H.'s dog was an assistance animal, and such accommodation would have provided Mr. Hasenkamp and A.H. an equal opportunity to enjoy the dwelling as tenants without disabilities.

51.     Through the actions described above, Defendants have violated the Arizona Fair Housing Act by refusing to make reasonable accommodations to their rules, policies, practices, or services, when such accommodations were necessary to afford Mr. Hasenkamp and A.H. an equal opportunity to use and enjoy their dwelling.

52.     Through the actions described above, Defendants have violated the Fair Housing Act, A.R.S. § 41-149.19(B)(1) and (E)(2), by making the subject property unavailable to Mr. Hasenkamp and A.H. by refusing to make reasonable accommodations to their rules, policies, practices or services and rescinding the Lease Renewal agreement.

53.     As a result of Defendants' conduct, Mr. Hasenkamp and A.H. are "aggrieved" persons as defined in A.R.S. § 41-1491(1) and have suffered injuries, including, but not limited to, out of pocket expenses and emotional distress.

54.     Defendants' discriminatory actions were intentional, willful, and taken in disregard of Plaintiffs' rights sufficient to trigger punitive damages.

## COUNT III
### (RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT)

8010370v1(70895.1)

55.     Plaintiffs incorporates by reference the preceding paragraphs of this Complaint.

56.     In response to Property Manager's threat of eviction should Mr. Hasenkamp fail to either (1) "remove the dog in the next five days," or (2) "pay a $600.00 non-refundable pet cleaning fee," Mr. Hasenkamp noted that the Property Manager's ultimatum was in violation of the law. *See* **Exhibit 6**.

57.     Following Mr. Hasenkamp's invocation of his civil rights, Defendants rescinded the Lease Renewal Agreement, and later terminated Mr. Hasenkamp's month-to-month Lease, effectively evicting the Plaintiffs.

58.     In advocating for and exercising his rights under the Fair Housing Act, Plaintiffs have engaged in a protected activity.

59.     Plaintiffs suffered an adverse action as a result of engaging in the protected activity when Defendants threatened eviction and rescinded the Lease Renewal, thus constructively evicting Plaintiffs.

60.     A causal link exists between the protected activity and adverse action as Defendants would not have rescinded the Lease Renewal if not for the Hasenkamps asserting their rights under the Act.

61.     Through the actions described above, Defendants have violated the Fair Housing Act, 42 U.S.C. § 3617, by unlawfully coercing, intimidating, threatening, and/or interfering with Plaintiffs in retaliation for engaging in protected fair housing activity.

62.     Defendants' retaliatory actions were intentional, willful, and taken in disregard of Mr. Hasenkamp's and A.H.'s civil rights sufficient to invoke punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs request the following:

A.     That temporary, preliminary and permanent injunctive relief be awarded

8010370v1(70895.1)

in favor of Plaintiffs and against Defendants, prohibiting Defendants from continuing to discriminate against Plaintiff and others similarly situated;

      B.     That temporary, preliminary and permanent injunctive relief be awarded in favor of Plaintiffs and against Defendants, prohibiting Defendants from rescinding the Lease Renewal Agreement;

      C.     That Plaintiffs be awarded compensatory, general, consequential, and liquidated damages as have been alleged above and which will be more specifically set forth at the time of trial;

      D.     That Plaintiffs be awarded punitive damages against each of the Defendants, upon a finding that said Defendants acted willfully, wantonly, and/or with reckless disregard for the rights of Plaintiffs;

      E.     That Plaintiffs be awarded their reasonable attorneys' fees and costs; and

      F.     That this Court grant Plaintiffs such additional relief as it sees fit and just.

      DATED this 29th day of December, 2021.

                            JENNINGS, STROUSS & SALMON, P.L.C.

                    By  _s/ *Lindsay Leavitt*
                         Lindsay G. Leavitt
                         Dina Aouad
                         One East Washington Street, Suite 1900
                         Phoenix, Arizona 85004-2554

8010370v1(70895.1)

## VERIFICATION TO COMPLAINT

I, Michael Hasenkamp, individually and on behalf of my minor daughter, A.H., declare as follows:

I have read the Complaint in this matter and have knowledge of its contents, which are true to the best of my knowledge, except to the extent that matters therein are stated upon information and belief, in which case, I believe those matters to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _29th_ day of December, 2021.

_____
Michael Hasenkamp

8010370v1(70895.1)