**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hasenkamp, | No. CV-21-02226-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| The Shah Trust, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Michael Hasenkamp's motion for preliminary injunction. Defendants The Shah Trust, 21,000 Holdings LLC, and Edward Gunkel did not respond, and the time to respond has passed. For the following reasons, the Court grants the motion.

**I.  Background[1]**

Since October 16, 2020, Plaintiff, his family, and his three dogs live in a rental home owned and managed by Defendants. (Doc. 2-1 at 6.) On the rental application, Plaintiff disclosed two of the dogs (both Shih Tzus) as pets and checked the box for "yes" on the question "Will you have an assistive or service animal?" (Doc. 2-1 at 3.) The application did not ask for any further information about an assistive or service animal, and Plaintiff alleges that Defendants never requested any information. (Doc. 2 at 5.) Plaintiff also disclosed his two Shih Tzus on the lease, which did not ask for Plaintiff to disclose whether

---
[1] For the purposes of the motion for preliminary injunction, the Court accepts Plaintiff's factual allegations as true, deeming that Defendants consented to them by filing to timely respond. *See* LRCiv 7.2(i).

he had assistive or service animals.  Instead, the lease clarified that "Assistive and service animals are not 'pets.'" (Doc. 2-1 at 8.)  So Plaintiff's Belgian Malinois dog did not appear on the lease.

On September 20, 2021, after Plaintiff emailed Defendants that he'd like to renew his lease, Defendants sent him the lease extension to sign.  Defendants then conducted an inspection of the premise on September 29, 2021, during which they encountered Plaintiff's Belgian Malinois.  (Doc. 2-1 at 35-37.)  Defendants informed Plaintiff that he could not have three dogs on the premise and demanded that he either "remove the dog in the next five days" or "pay a $600 non-refundable pet cleaning fee."  (Doc. 2-1 at 37.)  Plaintiff countered that the Belgian Malinois was permitted as an assistive or service animal for his daughter's mental health[2] and ignored Defendants demands.  Defendants rescinded the offer to renew the lease and terminated the lease term on January 31, 2022.  (Doc. 2-1 at 39, 41.)

Plaintiff filed a complaint, alleging violations of the Federal and Arizona Fair Housing Act (Doc. 1 at 4, 6.), and filed a motion to preliminarily enjoin Defendants from evicting him and his family.  (Doc. 2.)  Defendants did not file a response.

**II. Standard**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). These elements may be balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011).  But the sliding-scale approach does not relieve the movant of the burden to satisfy all four prongs for the issuance of a preliminary

---

[2] Plaintiff submitted a letter from his daughter's counselor, a Licensed Associate Counselor, who recommended that she "have a pet or emotional support animal to enhance her ability to function independently." (Doc. 2-1 at 43.)

injunction. *Id.* at 1135. Instead, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. The movant bears the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

**III. Discussion**

Having considered the motion for preliminary injunction, the Court finds that Plaintiff has carried his burden on all four elements of the preliminary injunction test.

First, Plaintiff and his family will likely suffer irreparable harm in the absence of preliminary injunction relief. Eviction is not something easily unwound. It ruptures one's stable, safe place of respite, especially when that home houses a family, as this one does here. Money damages cannot make up for that loss; only injunctive relief can head off the harm a family suffers when ejected from its home. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320-21 (9th Cir. 1994) (explaining that an injunction is proper when damages could not remedy the harm raised by a plaintiff's claims).

Second, the balance of equities and public interest favor preliminary injunction relief. If granted, an injunction will merely maintain the status quo. Plaintiff will continue to pay rent to Defendants, and Defendants will remain protected under the conditions of the lease. And the public interest is served by holding parties accountable to Federal and state laws seeking to protect disabled persons from housing discrimination.

Finally, the merits. To make out a claim under the Federal and Arizona Fair Housing Acts, a plaintiff must show that (1) the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or reasonably should be expected to know of the handicap; (3) that the accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that the defendant refused to make the requested accommodation. *See* 42 U.S.C. § 3604(f)(3)(B); *United States v.*

*Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997). Plaintiff meets the five elements.

1. Plaintiff's daughter is diagnosed as having an emotional/mental disorder by a Licensed Counselor;

2. Plaintiff disclosed an assistive or service animal on the rental application;

3. The daughter's counselor recommended that she have an assistive animal so that she could function independently;

4. A service animal can be a reasonable accommodation, *see, e.g.*, *Ass'n of Apartment Owners of Liliuokalani Gardens at Waikiki v. Taylor*, 892 F. Supp. 2d 1268, 1287 (D. Haw. 2012); and

5. Defendants refused to extend Plaintiff's lease because of the requested accommodation.

Under the uncontested facts, Plaintiff is likely to succeed on the merits. Therefore,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction (Doc. 2.) is **GRANTED**. Defendants are preliminarily enjoined from evicting Plaintiff and his family from their rental property during the pendency of this lawsuit or through October 2022, whichever is earlier, provided that Plaintiff continues to make his monthly rental payments in full and on time and otherwise complies with the terms and conditions of the lease. Because this preliminary injunction is contingent upon Plaintiff continuing to make his monthly rental payments in full and on time, the Court finds no bond is necessary.

**IT IS FURTHER ORDERED** that the hearing set for January 24, 2022 is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff serve Defendants with a copy of this order.

Dated this 20th day of January, 2022.

Douglas L. Rayes
United States District Judge